1  ERIC A. GROVER (SBN 136080)
   eagrover@kellergrover.com
2  RACHAEL G. JUNG (SBN 239323)
   rjung@kellergrover.com
3  **KELLER GROVER LLP**
4  1965 Market Street
   San Francisco, California 94103
5  Telephone:  (415) 543-1305
   Facsimile:  (415) 543-7861
6

7  SCOT BERNSTEIN (SBN 94915)
   swampadero@sbernsteinlaw.com
8  **LAW OFFICES OF SCOT D. BERNSTEIN,**
     **A PROFESSIONAL CORPORATION**
9  101 Parkshore Drive, Suite 100
   Folsom, California 95630
10 Telephone:  (916) 447-0100
   Facsimile:  (916) 933-5533
11

12 Attorneys for Plaintiff
   TUAN NGUYEN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| TUAN NGUYEN, individually and on behalf of a class of similarly situated individuals,<br><br>             Plaintiff,<br><br>    v.<br><br>EQUILON ENTERPRISES LLC, a Delaware Limited Liability Company,<br><br>             Defendant. | Case No:  4:12-CV-04650-YGR<br><br><u>CLASS ACTION</u><br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**<u>DEMAND FOR JURY TRIAL</u>**<br><br>Action Filed:   June 19, 2012<br>FAC Filed:     January 13, 2014 |

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

## CLASS ACTION COMPLAINT

Plaintiff TUAN NGUYEN ("Plaintiff" or "Nguyen"), on behalf of himself and a class (the "Class") of similarly situated individuals as defined below, alleges on information and belief and the investigation by counsel as follows:

## INTRODUCTION

1. This class action lawsuit arises out of Defendant's policy and practice of recording and/or intercepting calls made to the telephone number 888-GO-SHELL (888-467-4355) without the consent of all parties. 888-GO-SHELL is the customer service number for Shell owned by Equilon Enterprises LLC (dba Shell Oil Products US). Defendant intentionally and surreptitiously records and/or intercepts (i.e., monitors) telephone calls made to 888-GO-SHELL without warning or disclosing to callers that it is doing so. (The terms "intercept" and "monitor" are used interchangeably in this complaint.)

2. Defendant's policy and practice of recording and intercepting telephone conversations without the consent of all parties violates California's Invasion of Privacy Act (Penal Code §§ 630, *et seq.*). Specifically, Defendant's policy and practice violate Penal Code § 632.7, which prohibits the recording or intercepting (i.e., monitoring) of a communication made from a cellular or cordless telephone without the consent of all parties to the communication.

3. As a result of Defendant's violations, all individuals who called 888-GO-SHELL and were recorded or monitored by Defendant surreptitiously and without disclosure are entitled to an award of statutory damages and injunctive relief as set forth in Penal Code § 637.2.

## PARTIES

4. Plaintiff Nguyen is an individual and a resident of California.

5. Equilon Enterprises LLC (dba Shell Oil Products US) ("Equilon" or "Defendant") is a Limited Liability Company organized under the laws of the State of Delaware with a principle place of business in Houston, Texas. Defendant systematically and continuously does business in California and with California residents.

6. "Defendant" means and refers to defendant Equilon Enterprises LLC (dba Shell Oil Products US).

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax. 415.543.7861

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under California Penal Code §§ 632.7 and 637.2.

8. This Court has personal jurisdiction over the parties because defendant Equilon continually and systematically has conducted business in the State of California, including this judicial district. Likewise, Plaintiff's rights were violated in the State of California and arose out of his contact with Defendant from California.

## FACTUAL ALLEGATIONS COMMON TO THE CLASS

9. Plaintiff is informed and believes and on that ground alleges that the telephone number 888-GO-SHELL connects callers to customer service for Shell; that the customer service telephone number is owned and operated by Equilon; and that all Shell subsidiaries are required to participate in that customer service system.

10. Plaintiff is informed and believes and on that ground alleges that Defendant's employees and agents at the customer service call center receive incoming calls from callers including California callers.

11. Plaintiff is informed and believes and on that ground alleges that Defendant intentionally has used technology consisting of hardware and/or software to carry out a practice and policy of recording and/or intercepting (i.e., monitoring) those calls made to the customer service call center.

12. Plaintiff is informed and believes and on that ground alleges that Defendant's employees and agents at the customer service call center were directed, trained, and instructed to, and did, record and/or monitor telephone calls between the customer service call center and callers, including California callers.

13. On five occasions from March through May 2012, Plaintiff called 888-GO-SHELL from a location in California using his cellular telephone. Plaintiff called 888-GO-SHELL to inquire about cashing out his gift card. Accordingly, during his phone call with Defendant, Plaintiff shared sensitive personal information with Defendant, including his name, gift card information and telephone number.

1  14. During Plaintiff's telephone calls to Defendant, Defendant failed to disclose to Plaintiff that his telephone conversations with Defendant were being recorded and/or monitored. Plaintiff did not give and could not have given consent for the telephone calls to be recorded or monitored because he was unaware that Defendant was engaged in that practice during the telephone calls. Plaintiff is informed and believes and on that ground alleges that callers who called 888-GO-SHELL were not informed by Defendant or anyone else that their calls were being recorded and/or monitored. Thus, that recording and/or monitoring necessarily occurred without the callers' knowledge or consent.

15. Because there was no warning that calls would be recorded or monitored, Plaintiff had a reasonable expectation that his telephone conversation with Defendant's employees and agents was, and would remain, private and confined to the parties on the telephone. That recording and/or monitoring without his consent is highly offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the proposed Plaintiff Class.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action under Rule 23, Federal Rules of Civil Procedure, on behalf of himself and the class (the "Class") defined as follows:

> All California residents who, at any time during the applicable limitations period preceding the filing of this Complaint through the date of resolution, participated in one or more telephone conversations with the Shell central customer service call center from a cellular or cordless telephone located in California and whose calls with the Shell central customer service call center were recorded and/or monitored by Defendant surreptitiously or without disclosure.

17. The Class Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records and/or Defendant's telephone company's or other toll-free service provider's records regarding calls to 888-GO-SHELL to determine the size of the Class and to determine the identities of individual Class members. Plaintiff reserves the right to amend or modify the Class definition or to add subclasses or limitations to particular issues.

///

18.     By its unlawful actions, Defendant has violated Plaintiff's and the Class's privacy rights under California's Invasion of Privacy Act, California Penal Code §§ 630 *et seq*. The questions raised are, therefore, of common or general interest to the Class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

19.     Plaintiff's claims are typical of those of the Class, as Plaintiff now suffers from the same violations of the law as other putative Class members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions to represent him and the Class, and Plaintiff will fairly and adequately represent the interests of the Class.

20.     This action may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is ascertainable.

**Numerosity**

21.     Based on information and belief, the Class consists of at least seventy-five individuals, making joinder of individual cases impracticable.

**Typicality**

22.     Plaintiff's claims are typical of the claims of all of the other members of the Class. Plaintiff's claims and the Class members' claims are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other Class members.

**Common Questions of Law and Fact**

23.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

    a.  Whether Defendant has a policy or practice of recording and/or intercepting telephone calls made to the Shell customer service call center;

    b.  Whether Defendant has a policy or practice of not disclosing to callers whose calls are recorded and/or intercepted that their conversations with the Shell customer service call center would be recorded and/or monitored;

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

|   |   |   |
|---|---|---|
| | c. | Whether Defendant has a policy or practice of not obtaining callers' consent to record and/or monitor telephone calls made to the Shell customer service call center; |
| | d. | Whether Defendant violated California Penal Code § 632.7 by recording and/or monitoring telephone conversations between callers and the Shell customer service call center surreptitiously and without disclosure; and |
| | e. | Whether Class members are entitled to statutory damages of $5,000 under Penal Code § 637.2 for every violation of Penal Code § 632.7. |

**Adequacy**

24.   Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the other Class members and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other Class members.

**Superiority**

25.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action with respect to some or all of the issues will present fewer management difficulties, conserve the resources of the court system and the parties and protect the rights of each Class member. Further, it will prevent the very real harm that would be suffered by numerous putative Class members who simply will be unable to enforce individual claims of this size on their own, and by Defendant's competitors,

1  who will be placed at a competitive disadvantage as their reward for obeying the law. Plaintiff
2  anticipates no difficulty in the management of this case as a class action.

3  26. The prosecution of separate actions by individual Class members may create a risk
4  of adjudications with respect to them that would, as a practical matter, be dispositive of the
5  interests of other Class members not parties to those adjudications or that would substantially
6  impair or impede the ability of those non-party Class members to protect their interests.

7  27. The prosecution of individual actions by Class members would establish
8  inconsistent standards of conduct for Defendant.

9  28. Defendant has acted or refused to act in respects generally applicable to the Class,
10 thereby making appropriate final and injunctive relief or corresponding declaratory relief with
11 regard to members of the Class as a whole as requested herein. Likewise, Defendant's conduct as
12 described above is unlawful, is capable of repetition, and will continue unless restrained and
13 enjoined by the Court.

### FIRST CAUSE OF ACTION
**Unlawful Recording and Intercepting of Communications against Defendant**
**(Violation of California Penal Code § 632.7)**

16 29. Plaintiff incorporates each allegation set forth above as if fully set forth herein and
17 further alleges as follows.

18 30. Plaintiff participated in at least one telephone call that he made from California
19 with Defendant's employees or agents at the Shell customer service call center and is informed
20 and believes that he initiated it through a call to the telephone number 888-GO-SHELL. Plaintiff
21 used a cellular telephone to engage in the conversations.

22 31. Plaintiff is informed and believes and on that ground alleges that, at all relevant
23 times, Defendant had a policy and practice of using a telephone system that enabled it to
24 surreptitiously record and/or monitor conversations between Plaintiff and Class members using
25 cellular or cordless telephones and the Shell customer service call center.

26 32. Plaintiff is informed and believes and on that ground alleges that Defendant had
27 and followed a policy and practice of intentionally and surreptitiously recording and/or
28 / / /

monitoring Plaintiff's and Class members' cellular and cordless telephone conversations with the Shell customer service call center.

33.     Plaintiff is informed and believes and on that ground alleges that Defendant had and followed a policy and practice of not advising or warning Plaintiff or Class members that their cellular and cordless telephone communications with the Shell customer service call center would be recorded and/or monitored.  Because Defendant did not disclose to Plaintiff or Class members that their calls were being recorded and/or monitored, Defendant did not obtain, and could not have obtained, Plaintiff's or Class members' express or implied advance consent to the recording or monitoring of those conversations.  As a result, Plaintiff and Class members had an objectively reasonable expectation that their calls were not being recorded and/or monitored. That expectation and its objective reasonableness arise, in part, from the objective offensiveness of surreptitiously recording people's conversations, the absence of even a simple pre-recorded message as short as four simple words – "calls may be recorded" – and the ease with which such a message could have been put in place.  As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." (See *Kearney v. Salomon Smith Barney* (2006) 39 Cal. 4th 95.)

34.     Defendant's conduct as described above violated California Penal Code § 632.7(a).  Under Penal Code § 637.2, Plaintiff and Class members therefore are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.  Plaintiff and Class members also are entitled to injunctive relief to enjoin further violations.

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and members of the Class, prays for the following relief:

a. An order certifying the Class and appointing Plaintiff Nguyen representative of the Class, and appointing counsel for Plaintiff as lead counsel for the Class;

b. An order declaring that the actions of Defendant, as described above, violate California Penal Code § 632.7;

c. A judgment for and award of statutory damages to Plaintiff and the members of the Class pursuant to California Penal Code § 637.2;

d. A permanent injunction under Penal Code § 637.2 enjoining Defendant from engaging in further conduct in violation of California Penal Code § 630, *et seq.*;

e. Payment of costs of the suit;

f. Payment of attorneys' fees under California Code of Civil Procedure § 1021.5;

g. An award of pre- and post-judgment interest to the extent allowed by law; and

h. For such other or further relief as the Court may deem proper.

Dated: January 13, 2014            **KELLER GROVER LLP**


By: /s/ *Eric A. Grover*
      ERIC A. GROVER
      RACHAEL G. JUNG

*Counsel for Plaintiff*
TUAN NGUYEN

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: January 13, 2014            **KELLER GROVER LLP**


By: /s/ *Eric A. Grover*
ERIC A. GROVER
RACHAEL G. JUNG

*Counsel for Plaintiff*
TUAN NGUYEN

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861