1
2
3
4
5
6
7
8
9
10                    **UNITED STATES DISTRICT COURT**
11                    **NORTHERN DISTRICT OF CALIFORNIA**
12

| TUAN NGUYEN, individually and on behalf of classes of similarly situated individuals, | Case No.: 4:12-cv-04650-YGR |
|---|---|
| Plaintiff, | CLASS ACTION |
| v. | **ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT** |
| EQUILON ENTERPRISES LLC, a Delaware Limited Liability Company, | |
| Defendant. | |

The Court having granted preliminary approval of the class action settlement on March 25, 2014, directed notice of the proposed settlement to all Class Members, having read and considered Plaintiff Tuan Nguyen's Motion for Final Approval of Class Settlement and all supporting papers, including Defendant Equilon Enterprises LLC's Non-Opposition to Plaintiff's Motion for Final Approval of Class Settlement, and upon consideration of argument presented on August 26, 2014, and with good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Court hereby finds that the notice of settlement, which was provided to all Class Members[1] via email, U.S. mail, direct telephone calls, a settlement website and online banner advertising campaign, as previously ordered by the Court and as supplemented by the parties, described the terms of the proposed Settlement, provided the date of the fairness hearing, the manner in which Class Members could object to or participate in the settlement, and the manner in which Class Members could opt out of the class. The Court finds that it was the best notice practicable under the circumstances, and complied fully with Federal Rule of Civil Procedure 23(c)(2)(B) and 23(e)(1), due process and all other applicable laws. The Court further finds that a full and fair opportunity has been afforded to all Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval. No objection was filed to the Settlement and no Class Member opted out of the Settlement. No statements in opposition to the Settlement were made at the hearing on August 26, 2014. Accordingly, the Court hereby determines that all Class Members are bound by this Judgment and Final Order.

---

[1] As set forth in the Court's order granting preliminary approval and the Settlement Agreement and Release, Settlement Class 1 is defined as: "All California residents who called 888-GO-SHELL (888-467-4355) from a cellular or cordless telephone while located in California between May 1, 2008 and March 25, 2011, inclusive, and were transferred to the Manila, Philippines call center, and who did not opt-out of the settlement" and Settlement Class 2 is defined as: "All California residents who called 888-GO-SHELL (888-467-4355) from a cellular or cordless telephone while located in California between March 26, 2011 and September 12, 2012, inclusive, and were transferred to the Manila, Philippines call center, and who did not opt-out of the settlement." *See* Dkt. Nos. 36 at ¶ 3 and 28-3 at ¶¶ 1(h) and 1(i).

2. The Court finds that the Settlement is fair, reasonable, and adequate in all respects, and is the product of good faith, arm's length negotiations between the parties, and fully complies with all applicable provisions of law. Accordingly, the Court hereby finally and unconditionally approves the Settlement, and specifically:

    a. Approves the Common Fund of $1,975,000.00 as fair, reasonable, and adequate. Within the deadline set forth in the Settlement Agreement and Release, Defendant shall deposit with the Claims Administrator the amount required to fund all payments required by this Judgment and Final Order;

    b. Approves that $5,000.00 be paid to the Named Plaintiff and Class Representative Nguyen as a service award, which is justified by the time and effort expended by the Named Plaintiff on behalf of the class and risk he assumed in bringing this action;

    c. Approves Class Counsel's attorneys' fee request of $493,750.00, unopposed and agreed by Defendants, which equals 25% of the total settlement value and represents a multiplier of 1.15 on Class Counsel's actual lodestar of $430,470.00 through July 18, 2014 plus the expected attorney hours to be worked after that date to complete administration of the settlement;

    d. Approves Class Counsel's request for reimbursement of litigation expenses of $15,960.96;

    e. Approves payment to Kurtzman Carson Consultants LLC, the Claims Administrator of an amount not to exceed $95,811.71 as costs and expenses of settlement administration;

    f. Approves the extension of the deadline by which Class Members must submit claim forms and the acceptance of any valid claim forms that are postmarked on or before August 26, 2014;

    g. Approves payment from the Common Fund of amounts determined by the Claims Administrator to be due to Class Members as specified in the Settlement Agreement and Release and subject to the extended claims deadline; and

        h.     Approves payment of any unused funds remaining in the Common Fund to the *cy pres* recipient, Consumer Action, to be used exclusively for privacy issues in California as specified in the Settlement Agreement and this Judgment and Final Order.

3.     This Judgment and Final Order shall have a *res judicata* effect and bar the Named Plaintiff and each Class Member from bringing any action asserting any "Released Claims" as the term is defined in the Settlement Agreement and Release.

4.     This Court shall retain jurisdiction to enforce the terms of the Settlement Agreement and Release for one year from the date of this Judgment and Final Order.

5.     The Clerk of the Court shall enter Judgment in accordance with this Judgment and Final Order.

6.     This action shall be **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated: __August 28,__ , 2014

                                        YVONNE GONZALEZ ROGERS
                                        United States District Court Judge